# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERT SEJUELAS, | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 10-269E |
| | ) | |
| vs. | ) | |
| | ) | |
| ARCHIE LONGLEY, Warden, | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Respondent | ) | |

## MEMORANDUM OPINION AND ORDER

Wilbert Sejuelas ("Petitioner"), a federal prisoner, was, at the time of filing this Habeas Petition pursuant to 28 U.S.C. § 2241 ("the Petition"), serving a 97 month sentence in the Federal Correctional Institution at McKean ("FCI-McKean"). In November, 2010, he initiated the Petition, challenging actions taken by the Disciplinary Hearing Officer ("DHO") in finding Petitioner guilty of a misconduct and sanctioning Petitioner to, *inter alia*, the 'loss of 21 days of good conduct time. ECF No. [14] at 4. Petitioner claims the DHO violated his rights to equal protection because the sanctions imposed upon Petitioner were greater than the sanctions imposed by the DHO on others for the same behavior. See ECF No. [4] at 5, ¶ 15; ECF No. [5] at 3 to 4.

Petitioner initiated these proceedings by filing the Petition, which was unaccompanied by either a filing fee or a motion for leave to proceed *in forma pauperis*. ECF No. [1]. The previously assigned Magistrate Judge ordered Petitioner to rectify this deficiency, ECF No. [2], which Petitioner did and the Petition was formally docketed in December, 2010, ECF No. [4], along with a Brief in Support. ECF No. [5]. In late December 2010, the Marshal was ordered

to serve the Petition. ECF No. [7]. In February, 2011, Respondent filed a Motion for Extension of Time in Which to Answer, ECF No. [8], which was granted on February 16, 2011. Subsequently, Petitioner filed a Response in Opposition to the Respondent's Motion for Extension of Time. ECF No. [9]. In April, 2011, Respondent filed a second Motion for Extension of Time in Which to Answer, ECF No. [12], which was granted. Subsequently, Petitioner again filed a Response in Opposition to the Respondent's Motion for Extension of Time. ECF No. [14]. Finally, on May 4, 2011, Respondent filed an Answer, arguing that Petitioner was entitled to no relief. ECF No. [14]. On June 20, 2011, this case was reassigned to the undersigned. ECF No. [15]. On August 4, 2011, Respondent filed a Notice of Suggestion of Mootness, indicating that Petitioner had completed his sentence and was no longer in the custody of the Bureau of Prisons ("BOP"). ECF No. [16].

Because Petitioner completed his 97 month sentence and has since been released during the pendency of this Petition, the case is now moot and must be dismissed as such.

Both parties have consented to have the Magistrate Judge exercise plenary jurisdiction, including the entering of a final judgment. ECF Nos. [6] and [10].

The general rule is that where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988) ("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621,

624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot."). See also Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

During the pendency of this Petition, Petitioner was released from BOP custody, which rendered the Petition moot and caused this Court to be incapable of granting any federal habeas relief.[1]

Accordingly, the following order is entered:

**AND NOW**, this 16th day of August 2011, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is hereby **DISMISSED AS MOOT**.

                                              s/Maureen P. Kelly
                                              Maureen P. Kelly
                                              U.S. Magistrate Judge

Dated:     August 16, 2011

cc:       WILBERT SEJUELAS
            20175-179
            MCKEAN
            FEDERAL CORRECTIONAL INSTITUTION
            Inmate Mail/Parcels
            P.O. BOX 8000
            BRADFORD, PA 16701

            All Counsel of Record via CM-ECF

---

[1] Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). Hence, no recommendation is made in this respect.